## ANNA JOHNSON v. H. BERGMAN.[1]

May 31, 1900.

Nos. 11,830—(36).

## Garnishment of Corporation—G. S. 1894, § 5311.

*Held*, under G. S. 1894, § 5311, the court is required to exercise a reasonable discretion in citing in other representatives of the garnishee than the one making the disclosure.

## Same—Discretion of Court.

Evidence examined, and *held* that, in citing in another party under this act, the court exercised reasonable discretion.

[1] Reported in 82 N. W. 1108.

Action before a justice of the peace against H. Bergman, defendant, and Great Northern Railway Company, garnishee. From a judgment in favor of plaintiff and against the garnishee for $46.45 and costs, the garnishee appealed to the district court for Hennepin county on questions of law. In the district court the appeal was heard before Brooks, J., who made an order affirming the judgment. From a judgment entered pursuant to the order, the garnishee appealed to the supreme court. Affirmed.

*W. E. Dodge* and *Charles S. Albert,* for appellant.

*C. R. Empey* and *C. J. Cahaley,* for respondent.

LEWIS, J.

Appeal from a judgment of the district court affirming the judgment of a justice court in favor of plaintiff and against the garnishee, appellant here.

The return of the justice to the district court shows that the garnishee was summoned as such to appear before the justice on January 23, 1899, and appeared by Robert W. Webb, attorney. Webb, being sworn, stated that he was authorized to disclose for the garnishee, and that at the time of the service of the garnishee summons there was nothing due defendant, and that he had no further facts which he was able to disclose. By agreement the case was continued for future disclosure to January 24. On the adjourned day the garnishee appeared, by C. S. Albert, who was sworn, and disclosed as follows:

"That he is one of the attorneys of the Great Northern Railway Company; that he holds no other position with the company; that he is authorized to make disclosure in this proceeding for the garnishee; that defendant was paid, several days before the service of the summons upon garnishee, all moneys due him, by time check, which time check was cashed, and defendant was discharged from the employ of the company, before the service of the garnishee summons; that he received his information from the general solicitor of the Great Northern Railway Company, Mr. Grover; that the company keeps a record of discharges; that he does not know what day defendant was discharged; that he does not know where the paymaster is; that F. A. Davis is the general paymaster of the road, and his office is in St. Paul; that he has supervision over the paying of employees; that the general office, presumably, would be

notified of defendant's discharge; that G. P. Benedict is the garnishee clerk of garnishee, and has charge of all garnishments.

Garnishee, by C. S. Albert, moved to be discharged from the garnishment. Plaintiff objects to the discharge of garnishee and moves for an order of court citing in F. A. Davis, the paymaster of the Great Northern Railway Company, for further disclosure, on the 3d day of February, 1899, at 2 p. m. Pending ruling on the motion, C. S. Albert further testified that he received his information by letter from Mr. Wellington, the assistant solicitor of the garnishee, and over the telephone from Mr. Grover's clerk, Mr. Charles McElwee; that Mr. McElwee, speaking for Mr. Grover, said that Mr. Bergman had been in the employ of the company, and discharged during the early part of January, some time previous to the service of this garnishment, and paid off by time check; that he was then and there paid everything that was due him. Mr. Albert stated, 'Mr. Davis is no better acquainted with the subject-matter of this disclosure than I am.' Garnishee motion for discharge denied. Exception. Garnishee objects to the citation of Mr. Davis upon the facts appearing of record, and that it is incompetent, irrelevant, and immaterial. Objection overruled. Exception by garnishee. Plaintiff's motion for citation granted. Citation issued January 24, 1899, returnable the 3d day of February, 1899, at 2 p. m., and case continued to that time for further disclosure."

The citation to F. A. Davis was issued, returnable on February 3, 1899. The citation was served on Davis, but he did not appear in response thereto. On the return day, February 3, the garnishee appeared specially by C. S. Albert, its attorney, and objected to any proceedings on the ground that the court had no jurisdiction, and moved to dismiss the garnishee proceedings and to discharge the garnishee upon the disclosure already made. The motions and objections were overruled, and exception taken. F. A. Davis having failed to appear in answer to the citation, judgment was rendered against the garnishee, as in default, in the sum of $46.45 and costs, —the amount of the judgment which had been rendered against the defendant.

The only question we are required to review is the act of the justice in citing in Davis. That part of the statute applicable (G. S. 1894, § 5311) reads as follows:

"Corporations may be summoned as garnishees, and may appear by their cashier, treasurer, secretary, or such officer as they may appoint, and the disclosure of such person or officer shall be con-

sidered the disclosure of the corporation, provided, that if it appears to the court that some other member or officer of the corporation is better acquainted with the subject-matter than the one making disclosure, the court may cite in such person to make answer in the premises."

The power vested in the court by this statute is salutary if properly used, but reasonable care and caution should be exercised, so as not to subject garnishees to unnecessary hardship. The order must be sustained if the evidence before the justice reasonably tended to show that some other representative of the garnishee was better acquainted with the subject-matter. The attorney testified that he was authorized to make disclosure, but claimed no other knowledge than such as was conveyed to him by telephone or letter, and stated that Davis had general supervision of the pay roll. The knowledge possessed by the attorney was not of such complete and definite character as would become necessarily sufficient. The justice was required to exercise reasonable discretion, and, from the evidence which was before him, we do not think that discretion was abused.

Order affirmed.